TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00363-CR






Eddie Louis Kyser, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0942988, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






PER CURIAM


Appellant pleaded guilty to three counts of aggravated robbery. Pursuant to a plea bargain
agreement, the district court found that the evidence substantiated appellant's guilt, deferred further
proceedings, and placed appellant on community supervision. The court subsequently revoked supervision
on the State's motion, adjudicated appellant guilty, and rendered judgments of conviction on each count. 
The court assessed punishment at imprisonment for thirty years on count one, and at imprisonment for five
years on counts two and three.

In two points of error, appellant contends his guilty pleas were involuntary because the
district court failed to fully admonish him regarding the consequences of a decision to revoke supervision
and proceed to adjudication. See Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen.
Laws 3471, 3500 (Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a), since amended). Appellant adds that
the failure to fully admonish him deprived him of due process and due course of law. U.S. Const. amend.
XIV; Tex. Const. art. I, § 19.

The failure to admonish a defendant about the consequences of a violation of deferred
adjudication supervision does not constitute a federal due process violation. Brown v. State, No. 356-96,
slip op. at 2 (Tex. Crim. App. Feb. 12, 1997). Appellant does not demonstrate that the Texas Constitution
offers him greater protection under the circumstances than the United States Constitution. Appellant's due
process and due course of law arguments are without merit.

In Brown, the Court of Criminal Appeals held that a defendant who received deferred
adjudication as part of a plea bargain may raise an involuntariness claim based on the trial court's failure
to give him the required admonishment. Slip op. at 13. In order to obtain relief, however, the defendant
must demonstrate that he did not otherwise receive the required information from another source and that
he would not have entered his plea had he known this information. Slip op. at 14. In this cause, appellant
contends only that the requisite admonishment was not given. He does not contend or demonstrate that
he would not have entered his pleas had he been properly admonished. As a result, the involuntariness
claim fails. Points of error one and two are overruled.

The judgments of conviction are affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: June 12, 1997

Do Not Publish



>
TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00363-CR






Eddie Louis Kyser, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0942988, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING






PER CURIAM


Appellant pleaded guilty to three counts of aggravated robbery. Pursuant to a plea bargain
agreement, the district court found that the evidence substantiated appellant's guilt, deferred further
proceedings, and placed appellant on community supervision. The court subsequently revoked supervision
on the State's motion, adjudicated appellant guilty, and rendered judgments of conviction on each count. 
The court assessed punishment at imprisonment for thirty years on count one, and at imprisonment for five
years on counts two and three.

In two points of error, appellant contends his guilty pleas were involuntary because the
district court failed to fully admonish him regarding the consequences of a decision to revoke supervision
and proceed to adjudication. See Act of May 29, 1989, 71st Leg., R.S., ch. 785, § 4.17, 1989 Tex. Gen.
Laws 3471, 3500 (Tex. Code Crim. Proc. Ann. art. 42.12, § 5(a), since amended). Appellant adds that
the failure to fully admonish him deprived him of due process and due course of law. U.S. Const. amend.
XIV; Tex. Const. art. I, § 19.

The failure to admonish a defendant about the consequences of a violation of deferred
adjudication supervision does not constitute a federal due process violation. Brown v. State, No. 356-96,
slip op. at 2 (Tex. Crim. App. Feb. 12, 1997). Appellant does not demonstrate that the Texas Constitution
offers him greater protection under the circumstances than the United States Constitution. Appellant's due
process and due course of law arguments are without merit.

In Brown, the Court of Criminal Appeals held that a defendant who received deferred
adjudication as part of a plea bargain may raise an involuntariness claim based on the trial court's failure
to give him the required admonishment. Slip op. at 13. In order to obtain relief, however, the defendant
must demonstrate that he did not otherwise receive the required information from another source and that
he would not have entered his plea had he known this information. Slip op. at 14. In this cause, appellant
contends only that the requisite admonishment was not given. He does not contend or demonstrate that
he would not have entered his pleas had he been properly admonished. As a result, the involuntariness
claim fails. Points of error one and two are overruled.

The judgments of conviction are affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith